IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-241-BO

| | |
|---|---|
| IN RE: BRANDON HALL, INCOMPETENT; MICHELLE HALL, GUARDIAN and MOTHER OF BRANDON HALL; STEPHAN J. HALL, FATHER, Plaintiffs, v. PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED, DBA VIDANT MEDICAL CENTER; DR. VICTOR FREUND, and, DR. K. STUART LEE, Defendants. | O R D E R |

This cause comes before the Court on review of a motion to compel placement of life saving drain filed by plaintiffs. [DE 2]. Defendants, pursuant to an order of the Court, have responded to the motion. [DE 9].

This action was filed on September 9, 2016, by the filing of a motion to proceed *in forma pauperis* and the instant motion to compel; no complaint, other pleading, or proposed summons necessary to institute an action were submitted with the pauper application. A complaint was filed by plaintiffs on September 10, 2016, which was unsigned. The plaintiffs have thus failed to properly commence an action in this Court in compliance with Rules 3 and 11(a) of the Federal Rules of Civil Procedure. The complaint filed at docket entry three [DE 3] is hereby STRICKEN as it is unsigned and was improvidently filed. Fed. R. Civ. P. 11(a).

This action suffers from further deficiencies. No request was made under Rule 65(b) of the Federal Rules of Civil Procedure and the Court could therefore take no action on plaintiffs'

request *ex parte*. The motion to compel, which seeks an order compelling the staff and facility of Pitt County Memorial Hospital d/b/a Vidant Medical Center, along with Dr. Freund and/or the neurosurgical practice, to install a fourth extraventricular drain to remove fluid from Brandon Hall's brain and to continue to maintain it, cites to no rule or authority under which this Court could compel such action. Review of defendants' response reveals that there appears to have been improper service effected under Rule 4, including service of an unsigned complaint. Fed. R. Civ. P. 4(c).

Importantly, there appears from the face of plaintiffs' documents no basis for subject matter jurisdiction in this Court. Although plaintiffs make cursory reference to the Due Process Clause of the Fourteenth Amendment, the Court is unaware that any defendant named herein is a state actor. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 181–82 (4th Cir. 2009). Plaintiffs further identify in their papers the Federal Patients' Bill of Rights, the Child Abuse Amendments of 1984, Pub. L. 98-457, and the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd, although plaintiffs have failed to allege or assert whether the foregoing provide for a private right of action or would otherwise provide a basis for this Court's jurisdiction. *See, e.g., Bryan v. Rectors & Visitors of Univ. of Virginia*, 95 F.3d 349, 351 (4th Cir. 1996) (noting that EMTALA is an anti-dumping statute and that "[n]umerous cases and the Acts legislative history confirm that Congress's sole purpose in enacting EMTALA was to deal with the problem of patients being turned away from emergency rooms for non-medical reasons."). No allegation of diversity of citizenship appears on any of plaintiffs' documents, 28 U.S.C. § 1332, and the Court concludes that it need not entertain plaintiffs' assertions that the Hippocratic Oath or the fifth commandment provides a basis for subject matter jurisdiction.

2

For these reasons, and as no cause of action is properly pending before the Court at this time, plaintiffs' motion to compel [DE 2] is DENIED.

SO ORDERED, this 12 day of September, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE